IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 29 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

THOMAS G. DEAN,

      Plaintiff,

v.

HOMECOMING FINANCIAL SERVICES,
FORD MOTOR COMPANY, MARY IDA
TOWNSON, PAUL BONAPFEL, THE
U.S. BANKRUPTCY COURT (NDGA),
SUNTRUST BANK, FIFTH THIRD
BANK, THE SUPERIOR COURT FOR
DOUGLAS COUNTY FOR THE STATE OF
GEORGIA, and THE STATE OF
GEORGIA,

      Defendants.

CIVIL ACTION NO.

1:07-CV-1521-JEC

### ORDER and OPINION

This case is presently before the Court on defendants State of Georgia and Superior Court for Douglas County's Limited Appearance and Motion to Dismiss [6]; plaintiff's Pro Se Motion to Disqualify Judge Julie Carnes ("Motion to Disqualify") [8]; defendant Mary Ida Townson's Motion to Dismiss Plaintiff's Complaint [10]; defendants Paul Bonapfel and U.S. Bankruptcy Court's Motion to Dismiss [12]; plaintiff's Motion for Service of Summons by Publication [23]; defendant Paul Bonapfel's Motion for Relief from Local Rules 16.2 and 26.1 [24]; plaintiff's Amended Motion to Strike the Answers of Homecomings Financial Network and Mary Ida Townson, and Motion to

Deny Motions to Dismiss filed by the State of Georgia, the Douglas County Superior Court, Ms. Mary Ida Townson, the United States Bankruptcy Court and Judge Paul W. Bonapfel [26]; defendant Homecomings' Motion to Dismiss [32]; defendants Fifth Third and SunTrust Bank's Motion to Dismiss [33]; defendant Ford Motor Credit Company's Motion to Dismiss Plaintiff's Complaint [48]; plaintiff's Motion for Leave to File and Sustain Current Civil Action [55]; plaintiff's Motion to Dismiss Defendant Ford Motor Credit's Motion to Dismiss the Plaintiff's Complaint [56]; defendant Homecomings Financial LLC's Motion to Substitute Attorney Bryan T. Glover and John O'Shea Sullivan [65]; and plaintiff's Motion for Leave to File & Serve Supplementary Complaint [66]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Plaintiff's Pro Se Motion to Disqualify Judge Julie Carnes [8] should be **DENIED**, Defendant Mary Ida Townson's Motion to Dismiss Plaintiff's Complaint [10] should be **GRANTED**, and all other motions herein [6, 8, 10, 12, 23, 24, 26, 32, 33, 48, 55, 56, 65, and 66] should be **DENIED as MOOT**.

I. **Background**

This case arises from plaintiff's dispute with SunTrust Bank and plaintiff's subsequent Chapter Thirteen petition.[1] Plaintiff received

---

[1] For a more detailed description of the facts underlying this action, see Dean v. SunTrust, et al., 2007 WL 1953151, *1-2 (N.D. Ga.

2

a wire transfer from a company that called itself "Propay" on September 12, 2006, in the amount of $38,736. (Ex. 2 of Mem. in Supp. of Def. Mary Ida Townson's Mot. to Dismiss Pl.'s Compl. [10], Order by Judge Bonapfel ("Bankr. Order") at 3, *In re Thomas G. Dean*, No. 06-71654 (Bankr. N.D. Ga. December 18, 2006). Plaintiff's duty under this arrangement was to transfer the majority of the money to an account specified by Propay and keep a 7% "commission" for himself for offering this service. (*Id.* at 2-3.) Plaintiff complied and instructed SunTrust Bank ("SunTrust") to wire a portion of the funds he received to the specified account. (*Id.*) However, SunTrust refused and put a hold on the funds, while an investigation into the funds' origin ensued. (*Id.*) Plaintiff maintains that SunTrust advised him that the funds had been stolen from an account at Fifth Third Bank. (*Id.* at 3.) As a result of this hold, plaintiff alleges that a number of his checks were dishonored. (Bankr. Order at 3.)

Plaintiff filed his Chapter Thirteen petition on September 21, 2006, approximately nine days after SunTrust placed the hold. (*Id.*) At the Chapter Thirteen hearing, plaintiff revealed that he was not generally behind on his bills. (*Id.*) After the hearing, plaintiff filed a motion in which he sought to "redeem" the bank account and avoid alleged liens against it. (*Id.* at 4.) He also filed a "Motion

---

June 27, 2007).

for an Order of Default and a Motion for Compensatory, Incidental Punitive & Special Damages Under 11 USCA Subsection 362(h) Against the Claimants SunTrust Bank and 5th 3rd Bank." (*Id.*)

Judge Bonapfel denied plaintiff's various motions and denied confirmation of the Debtor's Plan, stating that the "bankruptcy case was filed for the purpose of asserting the Debtor's rights with regard to the bank account and his claims against the banks rather than for a proper bankruptcy purpose of seeking debt relief...." (Bankr. Order at 1-2.) Judge Bonapfel continued, stating "that no bankruptcy purpose exist[ed] for the continuation of the case in view of the fact that the Debtor [wa]s current on his installment obligations secured by his home and residence and is otherwise generally current on his other obligations." (Bankr. Order at 1-2.) Judge Bonapfel noted that the ultimate issue of whether plaintiff was entitled to the funds and "whether there has been a violation of the stay depends on whether the banks complied with nonbankruptcy law." (*Id.* at 5.) In order to facilitate the resolution of the dispute in the proper court, Judge Bonapfel terminated the stay although he was not certain that it applied to any parties in the first place because of the obvious deficiencies in the petition. (*Id.* at 6.)

After Judge Bonapfel ruled in the bankruptcy case, plaintiff sought an appeal to this Court. *See Dean v. SunTrust, et al.*, 2007 WL 1953151 (N.D. Ga. June 29, 2007). This Court affirmed Judge

4

Bonapfel's decision and denied plaintiff's request for a hearing. *Dean v. SunTrust, et al.*, 2007 WL 1953151 (N.D. Ga. June 29, 2007). Plaintiff was unsatisfied with this decision and has brought a new action with regard to the same subject matter. (Pl.'s Compl. [1].) Before the Court is plaintiff's Complaint to Enforce Automatic Stay and for Specific Performance for Repudiation of loan contracts [1], which he filed on June 28, 2007. (*Id.*) This claim contains allegations against, among others, Judge Bonapfel, the bankruptcy trustee, SunTrust Bank, Fifth Third Bank, and the State of Georgia. (*Id.*)

## II.  Plaintiff's Litigation History

Before addressing the substantive merits of the case, it is important to address plaintiff's litigation history. In 2000, the Honorable Charles A. Pannell, Jr., permanently enjoined plaintiff from filing further lawsuits without first obtaining leave of court. (Ex. 1 to Mem. in Supp. of Mary Ida Townson's Mot. to Dismiss [10], Order by Judge Pannell ("Injunction Order") at 6, *Thomas G. Dean v. Peach State Mortgage Co.*, 1:98-cv-2901 (N.D. Ga. December 22, 2000).) This decision was upheld by the Eleventh Circuit in *Dean v. Peach State Mortgage Co.*, 273 F.3d 1111 (11th Cir. 2001). In that case, Judge Pannell noted plaintiff's pattern of litigiousness. (Injunction Order at 9-13.) At the time that Judge Pannell made his ruling in 2000, plaintiff had already brought suit against over one

hundred individuals and corporations, and against over twenty judges and government agencies. (*Id.*) In most of these lawsuits, plaintiff alleged that he had been discriminated against because of his race. (*Id.*)

According to Judge Pannell, the record demonstrated that "the plaintiff ha[d] used his own personal animus coupled with litigation as effective weapons against his enemies." (Injunction Order at 11.) Judge Pannell quoted the Eleventh Circuit in *Bonfiglio v. Nugent*, 986 F.2d 1391, 1394 (11th Cir. 1993) stating that he "could not allow such a waste of limited judicial resources to continue unchecked." (*Id.* at 12.) He therefore permanently enjoined plaintiff from "filing or attempting to initiate any new lawsuit in any federal court in the United States, without first obtaining leave of a federal district court." (*Id.* at 13.) The record reveals that plaintiff did not seek any leave of court before filing the present lawsuit. Defendant Mary Ida Townson seeks to dismiss plaintiff's claims based on his failure to comply with this injunction.[2] (Mem. in Supp. of Def. Mary Ida Townson's Mot. to Dismiss Pl.'s Compl. [10] at pp. 6-7.)

---

[2] Other defendants also seek to dismiss plaintiff's complaint on this ground. However, for simplicity's sake, the Court will refer only to the motion and brief submitted by Ms. Townson.

### III. Discussion

#### A. Motion to Disqualify

Before the Court addresses the substantive motion, we must first address plaintiff's Motion to Disqualify [8]. This is not the first time that this plaintiff has moved to disqualify this Court and others from adjudicating his disputes. See Magistrate Judge Baverman's Order, *Dean v. Law Firm of Morris, Schnieder & Prior, et al.*, No. 1:07-CV-1706 (N.D. Ga. 2007). In *Dean v. Law Firm of Morris, Schneider & Prior*, plaintiff filed a Motion to Disqualify the undersigned Judge Julie Carnes, Magistrate Judge Baverman, and all other Magistrate Judges of the Northern District of Georgia under 28 U.S.C. § 455(a). In that case, Magistrate Judge Baverman denied the motion, finding it to be unsupported and baseless. *Id.*

The grounds that plaintiff alleges merit disqualification here are identical to those he argued in *Dean v. Law Firm of Morris Schnieder & Prior*. *Id.*; (Pl.'s Mot. to Disqualify [8] at pp. 1-2.) In *Dean v. Law Firm of Morris, Schnieder & Prior*, plaintiff argued first that the undersigned and the Magistrate Judges were discriminating against him and that he had "reason to believe that such prejudice ...[was] sex related." *See id.* Plaintiff also alleged that the entire court was biased against him because he was a *pro se* litigant. See *id.* (Pl.'s Mot. to Disqualify [8] at pp. 1-

7

2.) Judge Baverman, however, found in *Dean v. Law Firm of Morris, Schnieder & Prior* that plaintiff had not alleged "any facts demonstrating any doubt, much less significant doubt, about ..." the courts' impartiality. Magistrate Judge Baverman's Order at 4, *Dean v. Law Firm of Morris, Schnieder & Prior, et al.*, No. 1:07-CV-1706 (N.D. Ga. November 8, 2007). Judge Baverman also noted that neither (1) this Court's prior adverse rulings against plaintiff, nor (2) plaintiff's filing of judicial complaints against Judge Baverman and the undersigned warranted recusal or disqualification. *Id.*

Plaintiff's allegations here are identical to those described above. *See id.*; (Pl.'s Mot. to Disqualify [8] at pp. 1-2.) Due to the similarities between the two cases, and plaintiff's failure to make any allegations warranting disqualification, this Court adopts the reasoning of Judge Baverman's Order of November 8, 2007, and hereby **DENIES** plaintiff's Motion to Disqualify [8] the undersigned from adjudicating the current dispute. Magistrate Judge Baverman's Order, *Dean v. Law Firm of Morris, Schnieder & Prior, et al.*, No. 1:07-CV-1706 (N.D. Ga. 2007). The Court will now direct its attention to Defendant Mary Ida Townson's Motion to Dismiss Plaintiff's Complaint [10].

### B. Motion to Dismiss

A court may dismiss a case under either Fed. R. Civ. P. 41(b) or its inherent power to manage its docket. *Betty K. Agencies Ltd. v.*

*M/V MONADA*, 432 F.3d at 1337; *Dinardo v. Palm Beach County Circuit Court Judge,* 199 Fed. Appx. at 735. Rule 41(b) permits the court to dismiss an action if the plaintiff fails to prosecute or comply with procedural rules or an order of the court. FED. R. CIV. P. 41(b); see also *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(affirming a sua sponte dismissal under 41(b)). The court also has authority to dismiss an action under its inherent "authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, because plaintiff has failed to comply with Judge Pannell's order, this Court will consider whether to exercise this power and dismiss the case.

Courts may counterbalance litigants' rights of access to the courts against the "traditional right of the courts to manage their dockets and limit abusive filings." *Cofield v. Alabama Public Serv. Comm'n*, 936 F.2d at 517 (citing *In re McDonald*, 489 U.S. 180 (1989)). However, if the court chooses to enjoin the litigant, the court must be careful not to block the litigant's access to the court system altogether. *In re McDonald*, 489 U.S. 180 (1989); *Martin-Trigona v. Shaw, et al.*, 986 F.2d 1384 (11th Cir. 1993).

For example, the Eleventh Circuit held in *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) that requiring a prisoner litigant to be represented by a lawyer was unconstitutional because it

9

effectively blocked his access to the courts. The court noted that the litigant may never be able to afford a lawyer, and his litigious reputation might keep lawyers from taking his cases, even those with merit. *Id.* at 1071. Therefore, requiring the litigant to obtain an attorney could deny him access to the courts altogether. *Id.* Although the court rejected the specific form of the restriction in *Procup*, the court acknowledged that an injunction can be a proper form of preventing abuse of the judicial system. 792 F.2d at 1071 (stating that "[t]he district court was fully justified and within its authority in entering injunctive restrictions against *Procup*. Such action is necessary and prudent to protect the rights of all litigants in the federal system.").

The Eleventh Circuit reaffirmed this statement in *Martin-Trigona*, 986 F.2d 1384 (11th Cir. 1993). In that case, the Eleventh Circuit held that an injunction requiring the *pro se* filer to seek leave of court prior to filing subsequent law suits was an acceptable way to limit the plaintiff's ability to abuse the judicial system. *Id.* at 1386-87. The court therefore upheld the district court's dismissal of the vexatious litigant's lawsuit for his failure to comply with the injunction.[3] *See also, Riccard v. Prudential Ins.*

---

[3] The Eleventh Circuit also held in *Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512 (1991) that requiring the prisoner to pay the filing fees without proof that he had assets was not acceptable because this restriction could effectively block his access to

10

Co., 307 F.3d 1277, 1299 (11th Cir. 2002)(holding that broadening the scope of prohibited litigious behavior was within the discretion of the district court and thus proper); *Dinardo v. Palm Beach County Circuit Court Judge*, 199 Fed. Appx. 731 (11th Cir. 2006)(upholding district court's dismissal of a litigious plaintiff's claims because the plaintiff failed to comply with a previously placed injunction); *May v. Maass*, 2005 WL 2298296 (11th Cir. 2005)(affirming district court's dismissal of plaintiff's claims because of his disobedience of prior court order).

Perhaps most importantly, the Eleventh Circuit affirmed Judge Pannell's decision to enjoin this plaintiff from future litigation, unless he was granted leave of court. *Dean v. Peach State Mortgage Co.*, 273 F.3d 1111 (11th Cir. 2001). Therefore, plaintiff's failure to comply with this order, which has been affirmed by the Eleventh Circuit, subjects the present suit to dismissal.[4]

---

courts. *Id.* at 518. However, the court held that "the prefiling screening of claims leaves sufficient access to the courts. ... This procedure is acceptable because it is not an excessive response to Cofield's clear abuse of the system; Cofield still has some access to the courts." *Id.*

[4] Plaintiff asserts in his Response to Defendant Mary Ida Townson's Motion to Dismiss [14] that the Order by Judge Pannell is unrelated to this case and is therefore inapplicable. Plaintiff is wrong. The injunction is relevant and applicable to any and every suit that plaintiff brings in federal court. (Injunction Order at 13); *Martin-Trigona*, 986 F.2d at 1386-87 (affirming dismissal of a new lawsuit for failure to comply with a previously instituted injunction).

11

Rather than address the merits and sort out the blatant deficiencies of this case, the Court will dismiss for plaintiff's failure to comply with the Injunction Order. *See Martin-Trigona*, 986 F.2d at 1386-87. The purpose of the injunction here is to prevent plaintiff from abusing the system, harassing other parties, and wasting judicial and other resources. *See id.* If the Court permits plaintiff to proceed on the merits of his case, no matter how weak they are, the injunction will be rendered meaningless. Plaintiff will have succeeded in abusing the system again. Defendants here have already had to waste hundreds of attorney hours and other resources to defend themselves against this suit and work through the improperly filed bankruptcy petition. The Court refuses to indulge plaintiff any further in this distracting and hostile endeavor. Thus, pursuant to Judge Pannell's injunction issued on December 20, 2000, plaintiff's motions are denied and this suit is dismissed with prejudice. (*See* Injunction Order.)

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Disqualify Judge Julie Carnes [8], **GRANTS** Defendant Mary Ida Townson's Motion to Dismiss Plaintiff's Complaint [10], and **DENIES as MOOT** all other motions herein [6, 10, 12, 23, 24, 26, 32, 33, 48, 55, 56, 65, and 66]. The Clerk shall **CLOSE** this action.

SO ORDERED, this 29 day of February , 2008.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

13